UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHARON SULLIVAN,

                    Plaintiff,

          v.                                    12 Civ. 2564

NYC DEPARTMENT OF                               **OPINION**
INVESTIGATION *et al.*,

                    Defendants.

          Sharon Sullivan brings this action alleging employment discrimination on the basis of her race, religion, and age.  She also alleges retaliation resulting from her complaints of discrimination.

          Defendants argue that Sullivan is precluded from relitigating in this court whether defendants' acts were discriminatory because that issue was previously decided by a state agency.  Defendants contend that this court must give preclusive effect to the state agency's determination and enter judgment on the pleadings.  The motion is granted.

## The Complaint

          The court's February 21, 2013, opinion extensively reviewed the allegations in Sullivan's complaint.  For purposes of this motion, only a brief review of the facts is necessary.

1

As part of a staff reduction, Sullivan was transferred from the New York City Department of Investigation to the New York City Housing Authority. As part of the transfer, she lost the seniority she had earned through her years of employment with the city. She alleges that once in the new position, her supervisors, Kelvin Jeremiah and Bergia Telesford, did not provide her with the necessary software, supplies, and support that she needed to fulfill her duties. Sullivan also alleges that her supervisors verbally abused her and gave her unjustified negative performance reviews. Sullivan was the only Caucasian Roman Catholic in the office, and she alleges that her African-American coworkers did not receive the same mistreatment. Sullivan alleges that when she complained about the discriminatory treatment, no supervisor addressed the problems; instead, the discrimination escalated. Ultimately, Sullivan and Jeremiah had a heated exchange, which led to Sullivan's termination.

## Procedural History

Prior to filing suit in federal court, on July 25, 2011, Sullivan filed a complaint with the New York State Division of Human Rights, alleging that defendants discriminated against her based on age, creed, race, and sex in violation of the New York Human Rights Law based on the same facts now before this court. Her complaint also alleged retaliation based on her complaints of discrimination. In response to this complaint, defendants filed a position statement, denying Sullivan's allegations and requesting dismissal of the suit.

On January 20, 2012, after investigating Sullivan's allegations, the
Division issued an order, finding that there was no probable cause to believe
that defendants engaged in unlawful discriminatory practices.  Specifically, the
Division stated that:

> The allegations are not sufficiently supported in order to justify a
> finding for the complainant.  Our investigation does not
> substantiate a causal nexus between the actions complained of
> and the protected status of complainant as a member of any of the
> classes as cited in this complaint.

On February 22, 2012, the U.S. Equal Employment Opportunity
Commission adopted the findings of the New York State Division and dismissed
Sullivan's federal discrimination charge.

On April 4, 2012, Sullivan filed the present action, seeking relief under
42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, the Age
Discrimination in Employment Act, the New York State Human Rights Law,
and the New York City Human Rights Law.

In response to defendant's first motion to dismiss, Sullivan voluntarily
withdrew her state and local law claims, as well as her claims under Title VII
and the Age Discrimination in Employment Act.  Sullivan confirmed her
withdrawal of these claims in her papers opposing defendants' current motion.
Thus, the § 1983 claim is the only remaining claim.  In the court's February 21
order, the court declined to dismiss the § 1983 claim for failure to state a
claim.  Defendants now move for judgment on the pleadings on the § 1983
claim.

**Discussion**

The standard for granting a motion for judgment on the pleadings under

Federal Rule of Civil Procedure 12(c) is identical to that of a Rule 12(b)(6)

motion for failure to state a claim. Patel v. Contemporary Classics of Beverly

Hills, 259 F.3d 123, 126 (2d Cir. 2001). To survive a motion to dismiss under

Rule 12(b)(6), a complaint must plead sufficient facts to state a claim for relief

that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009);

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In deciding a motion

under Rule 12(b)(6), a court must accept as true the facts alleged in the

complaint. Id. The court may, however, consider relevant filings with the

Equal Employment Opportunity Commission and analogous state agencies.

Holowecki v. Fed. Exp. Corp., 440 F.3d 558, 565–66 (2d Cir. 2006), aff'd, 552

U.S. 389 (2008).

Generally, a plaintiff is precluded from relitigating issues that were

already decided in the course of a prior litigation against the same defendant.

When a state administrative agency, acting in a judicial capacity, resolves

disputed issues of fact properly before it, which the parties have had an

adequate opportunity to litigate, the courts will apply preclusion principles to

those decided issues. Univ. of Tennessee v. Elliott, 478 U.S. 788, 797–98

(1986). Unless the statute providing the cause of action instructs otherwise,

federal courts must give the agency's fact finding the same preclusive effect to

which it would be entitled in the state's courts. Id. at 799. In Elliot, the

Supreme Court precluded the plaintiff from relitigating the issue of discrimination under § 1983 where a state administrative agency had already found that the defendants' actions were not discriminatory.

In DeCintio v. County of Westchester Medical Center, the Second Circuit examined whether a § 1983 claim would be barred on the basis of an earlier determination by the New York State Division of Human Rights that there was no probable cause to believe that the plaintiff had been discriminated against by his employer.  821 F.2d 111, 117–18 (2d Cir. 1987).  The Second Circuit held that under New York law administrative determinations are given preclusive effect and applied that doctrine to a finding of the State's Division of Human Rights.  Id.  The Second Circuit held that issue preclusion applied and upheld the dismissal of the § 1983 claim.  Id.

Here, defendants argue that Sullivan is precluded from relitigating whether her termination was the result of unlawful discrimination because the New York State Division of Human Rights already concluded that defendants did not discriminate against her.  Because Sullivan has litigated the same claim in front of the state Division and the Division issued a final finding that defendants did not discriminate, the rule from DeCintio controls, and defendants are entitled to a judgment on the pleadings.

Sullivan attempts to distinguish her case, contending (1) that she did not have an adequate opportunity to litigate her claim and (2) that her current § 1983 claim is not sufficiently similar to her claim before the state agency.

5

The burden of proving identity of the issue rests on the defendants, while Sullivan bears the burden of proving that she did not have a full and fair opportunity to litigate the issue.  Kosakow v. New Rochelle Radiology Associates, P.C., 274 F.3d 706, 730 (2d Cir. 2001).

First, Sullivan argues that she did not have an adequate opportunity to litigate her claim in front of the Division because there was not a formal hearing.  To support her claim, she relies on Kosakow v. New Rochelle Radiology Associates, P.C., 274 F.3d at 733–36.  In Kosakow, the Second Circuit declined to give preclusive effect to a determination by the Division. The court, looking to New York's preclusion law, examined "the various elements which make up the realities of litigation," and found that they weighed in favor of denying preclusive effect in that case.  Id. at 734 (quoting Schwartz v. Pub. Adm'r of Bronx Cnty., 246 N.E.2d 725, 729 (N.Y. 1969)).  The court held that because Kosakow proceeded *pro se* in front of the Division, did not have access to evidence, did not understand the preclusive nature of the proceeding, and could not frame the evidence in the context of legal arguments, the Division's decision should not bind Kosakow in a later federal court action. The Second Circuit stated that, although relevant, lack of a formal hearing is not a dispositive factor in evaluating the preclusive effect of the Division's decision.  Id. at 735.

Sullivan's case is easily distinguished from Kosakow.  Most importantly, Sullivan was represented by experienced counsel in front of the Division.

6

Counsel filed complaints with both state and federal agencies, revealing—at a minimum—that counsel understood that the state and federal claims were related. In front of the Division, Sullivan filed extensive briefs, framing her allegations in the context of the law. Additionally, the record reveals that Sullivan filed extensive briefing and presented rebuttal evidence directly challenging defendants' arguments in the agency. Although Sullivan did not receive a hearing, that fact alone is not sufficient to deny preclusive effect to the Division's finding of no discrimination. And Sullivan has not explained how a hearing would have altered the outcome or what facts could have been brought out that may have changed the result.

Moreover, since Kosakow, courts in this circuit have reached the same result under similar circumstances, giving preclusive effect to Division fact finding. See, e.g., Johnson v. Cnty. of Nassau, 411 F. Supp. 2d 171, 183 (E.D.N.Y. 2006); Mendez v. City of New York Human Res. Admin., No. 04 Civ. 0559, 2005 WL 2739276, at *2–3 (S.D.N.Y. Oct. 24, 2005).

Second, Sullivan argues that the issue before the Division was not identical to the issue before this court. If there issues are not identical, there can be no preclusion. Sullivan contends that "nowhere within Plaintiff's [Division] complaint are there any allegations set forth that are germane to a § 1983 claim." This argument is meritless. Sullivan's claim before the Division and her § 1983 claim both arise out of the same set of facts and are premised on defendants' alleged discrimination and retaliation against her. Courts

routinely find that allegations of discrimination brought before a state agency are sufficiently identical to § 1983 claims for purposes of preclusion. See, e.g., Elliott, 478 U.S. at 797–98; DeCintio, 821 F.2d at 117–18.

### Conclusion

Defendants are entitled to judgment on the pleadings for Sullivan's § 1983 claim. Because there are no remaining claims, the clerk's office should close the case.

This opinion resolves the motion listed as document number 22 in case 12 Civ. 2564.

So ordered.

Dated: New York, New York
      March 26, 2014

Thomas P. Griesa
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/26/14