UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/6/16

SHARON SULLIVAN,

                Plaintiff,

     v.

NEW YORK CITY DEPARTMENT OF INVESTIGATION, *et al.*,

                Defendants.

12-cv-2564

**OPINION**

      Plaintiff Sharon Sullivan, a former employee of defendant New York City Department of Investigation ("DOI") and of defendant New York City Housing Authority ("NYCHA"), brought this action in April 2012 alleging that defendants discriminated against her based on her race, religion, and age, and retaliated against her for complaining about discrimination. In an opinion dated February 17, 2016, the court granted summary judgment to defendants. (ECF No. 88).[1]

      On March 9, 2016, plaintiff—who was formerly represented by counsel but is now proceeding *pro se*—filed a motion for reconsideration pursuant to Rule 60 of the Federal Rules of Civil Procedure. And, on August 22, 2016, plaintiff filed a motion for sanctions against defendants pursuant to Rule 11. For the reasons stated below, the court denies both motions.

---

[1] The court assumes familiarity with the facts discussed and the decision rendered in that opinion.

1

## DISCUSSION

### I. Motion for Reconsideration

Plaintiff brings her motion for reconsideration under Rule 60. But "[t]o the extent [plaintiff] argues the court misapplied the law in its earlier decision, Rule 59 is a more appropriate vehicle." *Haywin Textile Prods., Inc. v. Int'l Fin. Inv. & Commerce Bank Ltd.*, No. 00-cv-8633, 2001 WL 984721, at *2 n.3 (S.D.N.Y. Aug. 24, 2001). "This issue is academic, however, because the court's denial of this motion is not contingent upon whether it is brought pursuant to Rule 59 or Rule 60." *Id.* Thus, as the court notes below, plaintiff's motion would be denied even if it were brought under Rule 59(e). The motion would be denied under Local Rule 6.3 as well since "[t]he standards governing motions to alter or amend a judgment under Rule 59(e) and motions for reconsideration or reargument under Local Rule 6.3 are identical." *Farez-Espinoza v. Napolitano*, No. 08-cv-11060, 2009 WL 1118098, at *3 (S.D.N.Y. Apr. 27, 2009).

### A. *Rule 60*

"The standard for granting motions pursuant to Rule 60 is 'strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *SBC 2010-1, LLC v. Morton*, 552 F. App'x 9, 11 (2d Cir. 2013) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Rule 60 sets forth two avenues for relief. Under Rule 60(a), "[t]he court may correct a

2

clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Under Rule 60(b), the court may relieve a party from a final judgment for, among other reasons, mistake, newly discovered evidence, or fraud. *See* Fed. R. Civ. P. 60(b). "The heart of the distinction between an error that is correctable under Rule 60(a) and one that is not is that a correction under Rule 60(a) cannot alter the substantive rights of the parties, but rather may only correct the record to reflect the adjudication that was actually made." *Dudley ex rel. Estate of Patton v. Penn-Am. Ins. Co.*, 313 F.3d 662, 675 (2d Cir. 2002).

Plaintiff has not specified the subsection of Rule 60 upon which she relies. The court concludes, however, that Rule 60(a) cannot apply here because plaintiff has not alleged that the court made a clerical error. In her motion for reconsideration, plaintiff argues that the court reached incorrect legal conclusions because the court ignored or misinterpreted the facts. These arguments fall more in line with Rule 60(b), and the court will therefore assume plaintiff intended for her motion to be construed under Rule 60(b).

Rule 60(b) permits the court, in its discretion, to rescind or amend a final judgment or order. The rule states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has

3

>been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Since this rule "allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). Rule 60(b) "may not be used as a substitute for a timely appeal," *id.*, nor may it be used to advance new facts or arguments, *Minima v. New York City Dep't of Homeless Servs.*, No. 09-cv-1027, 2010 WL 176829, at *1 (S.D.N.Y. Jan. 19, 2010). Further, "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

Plaintiff raises a number of arguments in her brief. These claims, however, do not meet the exceptional circumstances necessary to grant a motion for reconsideration.

In her first argument, plaintiff alleges that the court erred in holding that her claims related to her time at DOI were time-barred. Specifically, plaintiff says the court failed to apply the "continuing violation" exception to the limitations period. To support her position, plaintiff cites documents and legislative testimony from NYCHA officials discussing, albeit in unrelated contexts, NYCHA's relationship with DOI. Plaintiff supplies this evidence in an affidavit submitted with her motion for reconsideration and in a separate letter to the court. Plaintiff contends that these sources prove that DOI and NYCHA were her joint employer and, thus, the continuing violation exception should have applied.

4

"Generally, courts require that the evidence in support of the motion to vacate a final judgment be 'highly convincing,' . . . that a party show good cause for the failure to act sooner, . . . and that no undue hardship be imposed on other parties." *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987). Here, plaintiff has not shown good cause for failing to introduce these materials during the original proceedings. More importantly, though, this evidence would not have affected the outcome. The court's holding did not turn on the specific organizational structure of DOI and NYCHA, but rather the fact that different supervisory individuals made the decisions affecting plaintiff at DOI and NYCHA. The court also found that DOI's decision to encourage plaintiff to look for another position was unrelated to the events plaintiff complained took place at NYCHA, thus rendering the continuing violation exception inapplicable. Therefore, this evidence does not affect the court's previous decision.

Plaintiff further supports her assertion that the court erred in finding her DOI claims time-barred by quoting pieces of the court's prior opinion and then challenging the court's conclusions by quoting segments from her original opposition brief. The court, of course, already considered these arguments when it granted defendants' motion for summary judgment. Thus, the court will not reexamine them now because they do not present the exceptional circumstances contemplated by Rule 60. Although plaintiff also alleges that the court overlooked disputed facts in the record, these facts were indeed previously considered by the court and found to be either irrelevant or immaterial to the court's legal conclusions.

5

Plaintiff's remaining arguments (listed as points two through eight) similarly challenge the court's legal conclusions or its application of the summary judgment standard. These arguments largely supplement her original briefing by highlighting additional evidence or advancing new theories. As previously discussed, "Rule 60(b) is not intended as a means of relitigating matters decided in a final order or raising issues that should be argued on appeal." *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). Thus, plaintiff's Rule 60 motion is denied.

### B. *Rule 59(e) and Local Rule 6.3*

The court now considers plaintiff's motion for reconsideration under Rule 59(e) and Local Rule 6.3. Much like a motion under Rule 60, reconsideration pursuant to Rule 59(e) "is strict, and reconsideration will generally be denied." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). And, "[t]he standards governing motions to alter or amend judgment pursuant to Rule 59(e) and motions for reconsideration or reargument pursuant to Local Rule 6.3 are the same." *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 375 (S.D.N.Y. 2007). Such requests for reconsideration "must point to controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." *NEM Re Receivables, LLC v. Fortress Re, Inc.*, No. 15-cv-3875, 2016 WL 3144390, at *2 (S.D.N.Y. May 5, 2016). A motion for reconsideration under these rules is not "a 'second bite at the apple' for a party

6

dissatisfied with a court's ruling." *Benjamin v. Goord*, No. 02-cv-1703, 2010 WL 3341639, at *1 (S.D.N.Y. Aug. 18, 2010) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

Here, as discussed above, plaintiff's motion for reconsideration principally asserts that the court reached incorrect legal conclusions and failed to properly apply the summary judgment standard. The court disagrees. Although plaintiff points out facts not specifically mentioned in the court's opinion granting summary judgment to defendants, the court considered these facts in the light most favorable to plaintiff but nonetheless found that defendants were entitled to judgment as a matter of law. Therefore, even if construed under Rule 59(e) or Local Rule 6.3, plaintiff's motion for reconsideration is denied.[2]

## II. Motion for Sanctions

Plaintiff's motion for sanctions has no merit. To comply with Rule 11's procedural requirements, a party must make her motion for sanctions separate from other motions or requests, describe the specific conduct alleged to violate Rule 11(b), provide notice to opposing counsel, and serve the motion at least 21 days prior to filing the motion with the court. *See* Fed. R. Civ. P. 11(c)(2). This "safe harbor" provision gives the subjects of sanctions "the opportunity to withdraw the potentially offending statements before the sanctions motion is

---

[2] Further, if the court were to construe plaintiff's motion under Local Rule 6.3, the submission would be untimely as it was filed more than 14 days after the entry of the court's determination of the original motion.

7

officially filed." *Storey v. Cello Holdings*, L.L.C. 347 F.3d 370, 389 (2d Cir. 2003). "The language of the Rule makes no provision for oral or informal notice." *Castro v. Mitchell*, 727 F. Supp. 2d 302, 307 (S.D.N.Y. 2010). To be sure, "the plain language of the Rule expressly requires the serving of a formal motion." *Lancaster v. Zufle*, 170 F.R.D. 7, 7 (S.D.N.Y. 1996); *see also Schenectady Indus. Corp. v. Upstate Textiles, Inc.*, 689 F. Supp. 2d 282, 296 (N.D.N.Y. 2010) (holding that letters sent by counsel warning of an intention "to move for sanctions under Rule 11 are not a valid substitute for service of a copy of the actual motion 21 days before it is filed with the court"). "A motion that fails to comply with the safe harbor provision of Rule 11 must be denied." *Castro*, 727 F. Supp. 2d at 306.

Here, plaintiff did not serve her motion for sanctions on defendants before filing it with the court. Although plaintiff sent letters to defendants in April 2016 demanding that they amend certain submissions, these letters are insufficient to constitute notice for purposes of Rule 11. *See Gal v. Viacom Int'l, Inc.* 403 F. Supp. 2d 294, 309 (S.D.N.Y. 2005) ("[T]he rule states explicitly that service of the motion itself is required to begin the safe harbor clock—the rule says nothing about the use of letters."). Accordingly, plaintiff's motion for sanctions is procedurally improper.

Moreover, even if the court were to consider the merits of plaintiff's motion, it would decline to impose sanctions. Plaintiff's brief in support of her motion for sanctions primarily reiterates the arguments she previously raised in her opposition to defendants' motion for summary judgment and in her

8

motion for reconsideration. Plaintiff suggests that defendants misrepresented various issues throughout this litigation and violated their duty of candor to the court by not retracting certain arguments they made in support of their motions for summary judgment. But the court does not find any of defendants' arguments to have been made in bad faith. Therefore, plaintiff's motion for sanctions is denied.

## CONCLUSION

Plaintiff's motion for reconsideration is denied. Plaintiff's motion for sanctions is denied. This opinion resolves the motions numbered 90 and 105 on the docket.

SO ORDERED.

Dated: New York, New York
December 6, 2016

Thomas P. Griesa
United States District Judge